UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Pearson Education, Inc.; Cengage Learning, Inc.; and Bedford Freeman & Worth Publishing Group, LLC d/b/a MacMillan Higher Education,

        Plaintiffs,

    - against -

Boundless Learning, Inc. and Does 1-10,

        Defendants.
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-30-13
```

12 Civ. 1986 (ALC)

**Memorandum & Order**

**ANDREW L. CARTER, JR., United States District Judge:**

    Before the Court is Defendant's motion to dismiss Plaintiffs' fourth and fifth claims for relief. For the reasons set forth below, this Court now denies the motion to dismiss.

## FACTS

    Plaintiffs Pearson Education, Cengage Learning, Inc., and Bedford, Freeman, & Worth Publishing Group ("Plaintiffs") bring a lawsuit against Boundless Learning Inc. ("Defendant") for five causes of action: 1) direct copyright infringement as unauthorized derivative work; 2) direct copyright infringement as unauthorized reproduction and distribution; 3) secondary copyright infringement; 4) unfair competition and false designation of origin; and 5) false advertising.

    Plaintiffs allege that Defendant Boundless has engaged in unfair competition and false advertising based on (i) the alleged copying of the selection, coordination and arrangement of topics and concepts from Plaintiffs' Textbooks; (ii) including the "titles" of Plaintiffs' Textbooks

1

and images of the covers of Plaintiffs' Textbooks in advertising for the Boundless Electronic Textbooks; (iii) advertising the Boundless Electronic Textbooks as "versions" of Plaintiffs' Textbooks or as an "equivalent" to Plaintiffs' Textbooks. Boundless has purportedly engaged in unfair competition and false advertising because its inclusion of the covers and "titles" of Plaintiffs' Textbooks in its advertising materials will purportedly cause consumers to believe that Boundless is "authorized" by Plaintiffs to produce the Boundless Electronic Textbook alternatives, even though it is not authorized to do so. Am. Compl. ¶ 59-60. Defendant allegedly knowingly and intentionally misrepresented the nature, characteristics, and qualities of its textbooks.

Copyright law gives the author the right to prevent copying of the copyrighted work in any medium. Trademark law prevents the use of a similar mark on such goods and services as would probably cause confusion. A plaintiff claiming unfair competition under § 43(a) based on infringement of an unregistered mark must show that it owns a valid trademark eligible for protection and that a defendant's use of a trademark similar to plaintiff's mark on or in connection with its product is likely to cause confusion as to the origin of defendant's product.

Defendant brought a motion to dismiss Plaintiffs' Fourth and Fifth claims for relief under Section 43(a) of the Lanham Act. Defendant argues that Plaintiffs' false advertising claim essentially duplicates its unfair competition/false designation of origin claim. Defendant argues that Plaintiffs fail to allege that they own any protectable trademark in the titles of Plaintiffs' textbooks, citing to case law that a title of a periodical that is generic cannot serve as a trademark. CES Pub. Corp. v. St. Regis Publications, Inc., 531 F.2d 11, 13-14 (2d Cir. 1975). For the reasons that follow, the Court denies the Defendant's motion to dismiss.

2

## DISCUSSION

**I. Legal Standard under 12(b)(6)**

On a motion to dismiss, this Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Ruotolo v. City of N.Y., 514 F.3d 184, 188 (2d Cir. 2008). Nonetheless, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Determining whether a complaint states a plausible claim for relief will be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce, 694 F.Supp.2d 287, 296 (S.D.N.Y. 2010). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010).

In ruling on a motion to dismiss, a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation and citation

omitted). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks and citations omitted).

The issue before the Court on this motion to dismiss "is not whether ... plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir.1995), cert. denied, 519 U.S. 808 (1996) (citation omitted).

**II. Lanham Act Section 43(a)**

"To prevail on a claim under Section 43(a), a plaintiff must show that (1) it has a valid trademark entitled to protection, and (2) the defendant's mark infringes on the plaintiff's mark by causing a likelihood of confusion among consumers as to the origin or sponsorship of its product." Jewish Sephardic Yellow Pages, Ltd. v. DAG Media, Inc., 478 F.Supp.2d 340, 356 (E.D.N.Y. 2006) (citing Time, Inc. v. Petersen Publ'g Co., 173 F.3d 113, 117 (2d Cir. 1999)).

Defendants argue that Plaintiffs' false advertising claim lacks factual support for how or why it is false for Boundless to call the Boundless Electronic Textbooks "equivalent" to Plaintiffs' Textbooks and, thus fails to state a claim of false advertising.

Defendant moves against plaintiffs' unfair competition claim on the grounds that the charge in violation of the Lanham Act fails to state a claim distinct from the copyright infringement charge and is preempted by the Copyright Act. Defendant does not address the

issue of whether plaintiff has produced sufficient evidence to prove an unfair competition claim under Section 43(a).

As an initial matter, to establish standing for a false advertising claim under section 1125(a) of the Lanham Act, the aggrieved party must demonstrate "a reasonable interest to be protected against the advertiser's false or misleading claims, and a reasonable basis for believing that this interest is likely to be damaged by the false or misleading advertising." Ortho Pharm. Corp. v. Cosprophar, Inc., 32 F.3d 690, 694 (2d Cir. 1994) (internal citation and quotation marks omitted). The likelihood of injury and causation "will not be presumed, but must be demonstrated in some manner." Coca-Cola Co. v. Tropicana Prods., Inc., 690 F.2d 312, 316 (2d Cir. 1982), abrogated on other grounds by Fed. R. Civ. P. 52(a).

The Second Circuit has consistently held that standing to bring Lanham Act claims exists where the defendant has drawn a direct comparison between its own product and that of the plaintiff. Societe des Hotels Meridien v. LaSalle Hotel Operating P'ship, *L.P.*, 380 F.3d 126, 130 (2d Cir. 2004) citing McNeilab, Inc. v. Am. Home Prods. Corp., 848 F.2d 34, 38 (2d Cir. 1988) (holding that injury can be presumed, for purposes of obtaining a preliminary injunction, in a Lanham Act claim for false comparative advertising). Here, Plaintiffs' products are in competition with the defendant's products and defendant's advertisements allegedly draw direct comparisons between the products. Thus, Plaintiffs have standing to bring their Lanham Act claims.

A claim under the Lanham Act for false advertising requires allegations that: (1) the advertisement is literally false, or (2) although the advertisement is literally true, it is likely to deceive or confuse consumers. Societe des Hotels Meridien v. LaSalle Hotel Operating P'ship,

L.P., 380 F.3d 126, 132 (2d Cir. 2004). A false advertising claim can properly be brought against a defendant who misrepresents the quality of its own goods as well. The Act expressly forbids false or misleading descriptions or representations of fact concerning "the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." Id. quoting 15 U.S.C.S. § 1125(a)(1)(B); see Nat'l Ass'n of Pharm. Mfrs., Inc. v. Ayerst Labs., 850 F.2d 904, 917 (2d Cir. 1988) (holding that, to succeed on a false advertising claim under the Lanham Act, "a plaintiff must prove that the defendant misrepresented an inherent quality or characteristic of the defendant's product") (emphasis added and internal quotation marks omitted).

Defendant's motion to dismiss argued that the United States Supreme Court's decision in Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 123 S. Ct. 2041, 156 L. Ed. 2d 18 (2003) foreclosed Plaintiffs' Lanham Act claims, which are supposedly in fact copyright claims. The Court's holding in Dastar addressed only the applicability of section 43(a)(1)(A) to reverse passing off claims, which occurs when a producer misrepresents someone else's goods as his or her goods. Fox did not assert a claim under section 43(a)(1)(B), the false advertising prong of the Lanham Act. 15 U.S.C. § 1125(a)(1)(B). See id. at 36, 38, 123 S.Ct. 2041. The Court grounded its holding in what it ruled was the "natural understanding" of section 43(a)(1)(A)'s phrase "origin of goods." See id. at 32–32, 37, 123 S.Ct. 2041. It concluded, in short, that although this phrase does not extend to the originator of the idea that the goods embody, it does reach beyond geographic origin to origin of production of the physical goods at issue. See id. at 32, 37, 123 S.Ct. 2041. Congress did not incorporate any such reference into section 43(a)(1)(B). Instead, in section 43(a)(1)(B), it mandated liability for misrepresentation of "the nature,

6

characteristics, [or] qualities" of goods in commercial advertising or promotion. 15 U.S.C. § 1125(a)(1)(B).

Dastar explicitly left open the possibility that some false authorship claims could be vindicated under the auspices of section 43(a)(1)(B)'s prohibition on false advertising. Dastar does not preclude a Lanham Act claim based on deceptive and confusing advertising of the tangible product in which the creative content is embodied. Plaintiffs argue that the titles of their Textbooks are "inherently distinctive and have achieved secondary meaning entitling [them] to trademark protection." Secondary meaning "is used in typical passing-off cases involving trademarks or trade dress which are not inherently distinctive; in such a case, a plaintiff, in order to prove consumer confusion, must generally show that the copied features of its product have attained a secondary meaning." *Waldman Publ'g Corp. v. Landoll, Inc.*, 43 F.3d 775, 784 n. 7. (2d Cir. 1994) (internal quotation marks omitted); *see 815 Tonawanda St. Corp. v. Fay's Drug Co., Inc.*, 842 F.2d 643, 649 (2d Cir. 1988) (requiring proof of "secondary meaning" in order to receive trademark protection for descriptive trademarks).

Plaintiffs' complaint goes beyond a simple allegation of copying. Contrary to Defendant's argument, Plaintiffs' Lanham Act claims are not clearly duplicative because they are not based solely on alleged copying. Here, Plaintiffs have pleaded that Defendant falsely represented that it offers a digital version of Plaintiffs' textbooks or something equivalent. As such, Plaintiffs have alleged a misrepresentation and therefore have stated a claim under section 43(a)(1)(B). See 15 U.S.C. § 1125(a)(1)(B). Defendant has not met his burden of establishing that Plaintiffs' unfair competition and false advertising claims fail to state a claim. Even if

7

Plaintiffs' ability to prove their claims under Section 43(a) may be in doubt, Defendant's instant motion to dismiss Plaintiffs' unfair competition and false advertising claims should be denied.

Based on the foregoing, this Court denies Defendant's motion to dismiss.

Dated: New York, New York
January 30, 2013

SO ORDERED.

_____
Andrew L. Carter, Jr.
United States District Judge