Roger L. Zissu (rzissu@fzlz.com)
David Donahue (ddonahue@fzlz.com)
Jason D. Jones (jjones@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Tel.: (212) 813-5900
Fax: (212) 813-5901

*Attorneys for Defendant Boundless Learning, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PEARSON EDUCATION, INC.; CENGAGE LEARNING, INC.; AND BEDFORD FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN HIGHER EDUCATION,<br><br>Plaintiffs,<br>v.<br><br>BOUNDLESS LEARNING INC. and DOES 1-10,<br><br>Defendants. | Civil Action No. 1:12-cv-1986 (ALC)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Boundless Learning, Inc. ("Boundless"), by its undersigned counsel, for its Answer to the First Amended Complaint ("the Amended Complaint") of Plaintiffs Pearson Education, Inc., Cengage Learning, Inc., and Bedford Freeman & Worth Publishing Group, LLC d/b/a Macmillan Higher Education (collectively "Plaintiffs"), states as follows:

1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint.

2. Denies the allegations of Paragraph 2 of the Amended Complaint, but alleges that Boundless provides a digital learning platform comprising curated, high-quality, open-licensed educational content in a multitude of subject areas (hereinafter the "Boundless Service"). Boundless further states that the Boundless Service was previously provided at the website

www.boundlessnow.com, but has been provided on the website www.boundless.com since August 2012.

    3.     Denies the allegations of Paragraph 3 of the Amended Complaint.

    4.     Denies the allegations of Paragraph 4 of the Amended Complaint.

    5.     Denies the allegations of Paragraph 5 of the Amended Complaint.

    6.     Denies the allegations of Paragraph 6 of the Amended Complaint.

    7.     Denies the allegations of Paragraph 7 of the Amended Complaint.

    8.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Complaint.

    9.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Amended Complaint.

    10.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Amended Complaint.

    11.    Denies the allegations of Paragraph 11 of the Amended Complaint, except admits that Boundless is a Delaware corporation and states that Boundless's address is 207 South Street, Boston, MA 02111.

    12.    Denies the allegations of Paragraph 12 of the Amended Complaint.

    13.    Denies the allegations of Paragraph 13 of the Amended Complaint, which constitute conclusions of law as to which no response is required, except admits that Plaintiffs purports to rely on 28 U.S.C. §§ 1331 and 1338 for purposes of establishing subject matter jurisdiction in this action.

14. Denies the allegations of paragraph 14 of the Amended Complaint, which constitute conclusions of law as to which no response is required, but states that Boundless does not contest the claim of personal jurisdiction over it in this Court.

15. Denies the allegations of paragraph 15 of the Amended Complaint, which constitute conclusions of law as to which no response is required, except admits that Plaintiffs purport to rely on 28 U.S.C. § 1391 for purposes of establishing venue in this action.

16. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Amended Complaint.

17. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Amended Complaint.

18. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Amended Complaint.

19. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Amended Complaint.

20. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Amended Complaint, and respectfully refers the Court to Plaintiffs' works for their content.

21. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Amended Complaint.

22. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Amended Complaint.

23. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Amended Complaint.

24. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Amended Complaint.

25. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Amended Complaint.

26. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Amended Complaint, and respectfully refers the Court to Plaintiff Pearson's work for its content.

27. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Amended Complaint, and respectfully refers to the document cited in Paragraph 27 for its contents.

28. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Amended Complaint.

29. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Amended Complaint.

30. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Amended Complaint.

31. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Amended Complaint.

32. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Amended Complaint, and respectfully refers the Court to Plaintiff Cengage's work for its content.

33. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Amended Complaint, and respectfully refers the Court to the document cited in Paragraph 33 for its contents.

34. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Amended Complaint.

35. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Amended Complaint.

36. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Amended Complaint.

37. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Amended Complaint.

38. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Amended Complaint, and respectfully refers the Court to Plaintiff Macmillan's work for its content.

39. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Amended Complaint, and respectfully refers the Court to the document cited in Paragraph 39 for its contents.

40. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Amended Complaint.

41. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Amended Complaint.

42. Denies the allegations of Paragraph 42 of the Amended Complaint, except admits that Boundless was founded by Ariel Diaz, Aaron White, and Brian Balfour, states that

Boundless was incorporated in 2011, and respectfully refers the Court to Boundless's website at www.boundless.com for its contents.

43. Denies the allegations of Paragraph 43 of the Amended Complaint.

44. Denies the allegations of Paragraph 44 of the Amended Complaint.

45. Denies the allegations of Paragraph 45 of the Amended Complaint, but admits that at such time Boundless had access to the editions of the textbooks titled *Biology*, *Principles of Economics*, and *Psychology* referred to in Paragraph 45 of the Amended Complaint.

46. Denies the allegations of Paragraph 46 of the Amended Complaint, but admits that Boundless consulted the 9th edition of textbook titled *Biology*, the 6th edition of the textbook titled *Principles of Economics*, and 9th edition of the textbook titled *Psychology* in creating the Boundless Service.

47. Denies the allegations of Paragraph 47 of the Amended Complaint.

48. Denies the allegations of Paragraph 48 of the Amended Complaint.

49. Denies the allegations of Paragraph 49 of the Amended Complaint.

50. Denies the allegations of Paragraph 50 of the Amended Complaint.

51. Denies the allegations of Paragraph 51 of the Amended Complaint, and respectfully refers the Court to the documents and advertising cited in Paragraph 51 for their contents.

52. Denies the allegations of Paragraph 52 of the Amended Complaint.

53. Denies the allegations of Paragraph 53 of the Amended Complaint, except admit that the Boundless Service comprises high-quality, open-licensed educational content culled by Boundless from open education resources and respectfully refers the Court to the documents cited in Paragraph 53 for their contents.

54. Denies the allegations of Paragraph 54 of the Amended Complaint, and respectfully refers the Court to the document cited in Paragraph 54 for its contents.

55. Denies the allegations of Paragraph 55 of the Amended Complaint.

56. Denies the allegations of Paragraph 56 of the Amended Complaint, and respectfully refers the Court to the parties' respective works for their contents.

57. Denies the allegations of Paragraph 57 of the Amended Complaint, and respectfully refers the Court to the parties' respective works for their contents.

58. Denies the allegations of Paragraph 58 of the Amended Complaint.

59. Denies the allegations of Paragraph 59 of the Amended Complaint.

60. Denies the allegations of Paragraph 60 of the Amended Complaint.

61. Repeats and realleges paragraphs 1 through 60 above as though fully set forth herein.

62. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Amended Complaint.

63. Denies the allegations of Paragraph 63 of the Amended Complaint.

64. Denies the allegations of Paragraph 64 of the Amended Complaint.

65. Denies the allegations of Paragraph 65 of the Amended Complaint.

66. Repeats and realleges paragraphs 1 through 65 above as though fully set forth herein

67. Denies having knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Amended Complaint.

68. Denies the allegations of Paragraph 68 of the Amended Complaint.

69. Denies the allegations of Paragraph 69 of the Amended Complaint.

70. Denies the allegations of Paragraph 70 of the Amended Complaint.

71. Repeats and realleges paragraphs 1 through 70 above as though fully set forth herein

72. Denies the allegations of Paragraph 72 of the Amended Complaint.

73. Denies the allegations of Paragraph 73 of the Amended Complaint.

74. Denies the allegations of Paragraph 74 of the Amended Complaint.

75. Denies the allegations of Paragraph 75 of the Amended Complaint.

76. Repeats and realleges paragraphs 1 through 75 above as though fully set forth herein.

77. Denies the allegations of Paragraph 77 of the Amended Complaint.

78. Denies the allegations of Paragraph 78 of the Amended Complaint.

79. Denies the allegations of Paragraph 79 of the Amended Complaint.

80. Denies the allegations of Paragraph 80 of the Amended Complaint.

81. Repeats and realleges paragraphs 1 through 81 above as though fully set forth herein.

82. Denies the allegations of Paragraph 82 of the Amended Complaint.

83. Denies the allegations of Paragraph 83 of the Amended Complaint.

84. Denies the allegations of Paragraph 84 of the Amended Complaint.

85. Denies the allegations of Paragraph 85 of the Amended Complaint.

86. Denies that Plaintiffs are entitled to any of the relief sought in their Prayer for Relief, ¶¶ 1-10, contained on pages 23-24 of the Amended Complaint.

## AFFIRMATIVE COMPLETE AND/OR PARTIAL DEFENSES

### FIRST DEFENSE: FAILURE TO STATE A CLAIM

Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE: VIOLATION OF RULE 8(a)

Plaintiffs' Amended Complaint violates Fed. R. Civ. P. 8(a), which requires a "short and plain statement of the claims showing that the pleader is entitled to relief." As such, Boundless is not required to separately admit or deny each of the multiple allegations contained in each enumerated paragraph of the Amended Complaint.

### THIRD DEFENSE: NON-INFRINGEMENT

The Boundless Service does currently infringe and has never previously infringed any copyright claimed to be owned by Plaintiffs in their textbooks or any other work.

### FOURTH DEFENSE: NON-COPYRIGHTABLE MATERIAL

The alleged similarities between the parties' works at issue relate to material that is not original with Plaintiffs, not protected by copyright, and/or is in the public domain.

### FIFTH DEFENSE: COPYRIGHT FAIR USE

The fair use doctrine provides Boundless a complete defense to any claim by Plaintiffs for copyright infringement.

### SIXTH DEFENSE: UNCLEAN HANDS AND INEQUITABLE CONDUCT

Any claim by Plaintiffs for copyright infringement is barred by their own unclean hands and inequitable conduct.

### SEVENTH DEFENSE: COPYRIGHT MISUSE

Any claim by Plaintiffs for copyright infringement is barred by the doctrine of copyright misuse and Plaintiffs' abuse of the copyright monopoly.

### EIGHTH DEFENSE: TRADEMARK FAIR USE

The fair use doctrine provides Boundless a complete defense to Plaintiffs' claims for unfair competition/false designation of origin and false advertising under the Lanham Act.

**WHEREFORE**, Boundless requests judgment dismissing with prejudice Plaintiffs' Amended Complaint in its entirety, including all claims pleaded therein and awarding Boundless such other and further relief as may be just, including its costs and reasonable attorney's fees incurred in defending against such claims.

### JURY DEMAND

Boundless demands a trial by jury of all issues so triable.

Dated: New York, New York
February 13, 2013

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
Roger L. Zissu (rzissu@fzlz.com)
David Donahue (donahue@fzlz.com)
Jason D. Jones (jjones@fzlz.com)
866 United Nations Plaza
New York, NY 10017
Tel: (212) 813-5900
Fax: (212) 813-5901

*Attorneys for Defendant Boundless Learning*