Carter, a.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



PEARSON EDUCATION, INC.; CENGAGE
LEARNING, INC.; and BEDFORD,
FREEMAN & WORTH PUBLISHING GROUP,
LLC, D/B/A MACMILLAN HIGHER
EDUCATION,

    Plaintiffs,

v.

BOUNDLESS LEARNING INC. and Does 1-10,

    Defendants.

Case No. 1:12-cv-01986-ALC



**Judgment on Consent and Permanent Injunction**



DATE FILED: 12-19-13

**Andrew L. Carter, Jr., United States District Judge:**

    WHEAREAS, Plaintiffs and Counterclaim-Defendants Pearson Education, Inc., Cengage Learning, Inc., and Bedford Freeman & Worth Publishing Group, LLC d/b/a Macmillan Higher Education (collectively, "Plaintiffs") filed their First Amended Complaint in this action on June 8, 2012, asserting claims against Defendant and Counter-Plaintiff Boundless Learning Inc. ("Boundless") for direct copyright infringement under Sections 106(1)-(3) of the U.S. Copyright Act, § 106(1)-(3); secondary copyright infringement; and unfair competition and false advertising under Section 43(a) of the U.S. Trademark (Lanham) Act, 15 U.S.C. § 1125(a). These claims concern the following textbooks published by Plaintiffs: *Biology*, 9th edition, authored by Neil Campbell, Ph.D., and Dr. Jane Reece, Ph.D., among others; *Principles of Economics*, 6th edition, authored by N. Gregory Mankiw, Ph.D.; and *Psychology*, 9th edition, authored by David Myers, Ph.D;

WHEREAS, Boundless filed its Answer to the First Amended Complaint on March 14, 2013, and denied the allegations therein and sought a declaratory judgment of non-infringement;

WHEREAS, it is undisputed that Boundless developed and marketed what it referred to as the "Boundless version" of Campbell *Biology*," the "Boundless version" of Mankiw *Principles of Economics*, and the "Boundless version" of Myers *Psychology*."

WHEREAS, Plaintiffs allege in this action that the Boundless versions copied the selection, coordination and/or arrangement of these textbooks, including with respect to topics, sub-topics, sub-topics and photos, figures, illustrations and examples, and that Boundless's marketing for its versions contained images of the covers of Campbell *Biology*, Mankiw *Principles of Economics*, and Myers *Psychology* textbooks.

WHEREAS, the parties have been involved in mediation settlement discussions since May 2013, and wish to settle this action and dispose of their claims and counterclaims in accordance with such settlement. In connection therewith, Boundless has now consented to the entry of this Judgment on Consent and Permanent Injunction.

NOW, THEREFORE, upon the consent of the undersigned Parties hereto, and pursuant to Titles 17 and 15 of the United States Code and Federal Rule of Civil Procedure 65, **IT IS ORDERED, ADJUDGED and DECREED** as follows:

1. This Court has jurisdiction over all the Parties hereto for the purposes of the entry of this Judgment on Consent and Permanent Injunction.

2. As used herein, the following terms have the following meanings:

(a) "Plaintiffs' Works At Issue" means the published editions of the textbooks Campbell's *Biology*, Mankiw's *Principles of Economics*, and Myers' *Psychology*, regardless whether physical, digital or other media type.

(b) A work is "Aligned" to one of Plaintiffs' Copyrighted Works if it materially copies or is derived from the coordination or arrangement of topics, sub-topics, or sub-sub-topics, from the Plaintiff's Copyrighted Work. Without limiting the generality of the above, a work is also "Aligned" to a work of one of the Plaintiffs if a person using or accessing such work is able, by clicking on links or other technological means, to access a portion of such work that is specifically designated to correspond to a particular portion of the Plaintiff's work.

(c) "Boundless Versions At Issue" means the Boundless products, services or content as of or prior to the date of this Order that were Aligned to, or promoted or offered as relating to or as an alternative to, Plaintiffs' Works At Issue;

(d) "Plaintiffs' Copyrighted Works" means any and all textbooks, the U.S. copyrights to which are owned or exclusively licensed by Plaintiffs, regardless whether now existing or later created, whether physical, digital or other media type.

(e) "Use" means copy, reproduce, create, publish, display, distribute, offer to distribute, sell, transmit, publicly perform, broadcast, make available by any means (including without limitation download, website access, apps, streaming, e-mail or linking), create derivative works of, and/or translate, in any media.

3. Within five (5) days of the date of this Order, Boundless shall remove the Boundless Versions at Issue from its list of accessible titles, and shall cease Use of the Boundless Versions At Issue; however, Boundless may Use the Boundless Versions At Issue solely as is required to provide those Boundless users who prior to the date of this Order had purchased a

Boundless Version At Issue from Boundless or had added to their account a Boundless Version At Issue, with continuing access to such Boundless Version At Issue for ninety (90) days from the date of this Order.

4. Within five (5) days of the date of this Order, Boundless shall cease Use of, and permanently delete and destroy, all copies of advertising, promotional material, or marketing for the Boundless Versions At Issue.

5. Within ninety (90) days of the date of this Order, Boundless shall cease Use of, and permanently delete and destroy all copies of the Boundless Versions At Issue, along with all drafts or versions thereof.

6. Boundless will instruct and use commercially reasonable efforts to cause contractors and other third parties that host Boundless's web and data servers to cease Use of and permanently delete and destroy the Boundless Versions At Issue within ninety (90) days of the date of this Order.

7. Boundless, and its officers, agents, servants, employees, attorneys in fact, and all those in active concert or participation with them, are hereby **PERMANENTLY ENJOINED** from:

(i) Aligning any of its products, services or content to Plaintiffs' Copyrighted Works without prior written permission from the Plaintiff whose work it is;

(ii) Infringing upon Plaintiffs' intellectual property rights related to Plaintiffs' Copyrighted Works;

(iii) Use of any image of Plaintiffs' Copyrighted Works in advertising, marketing, promotion or webpages without prior written permission from the Plaintiff whose work it is; and

      (iv)    Referring to or describing any of Boundless's products, services, or content as a "version," "copy," or "equivalent" of or to Plaintiffs' Copyrighted Works without prior written permission from the Plaintiff whose work it is.

8.    Boundless shall pay to Plaintiff Pearson Education, Inc. a total amount of $200,000.

9.    Boundless shall pay to Plaintiff Cengage Learning, Inc. a total amount of $200,000.

10.    Boundless shall pay to Plaintiff Macmillan Higher Education a total amount of $200,000.

11.    This Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Judgment on Consent and Permanent Injunction.

Dated: December __19__, 2013

**SO ORDERED.**

_____
Andrew L. Carter, Jr.
United States District Judge